IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CAT COMMUNICATIONS | ) | Case No. 08-71013 |
| INTERNATIONAL, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| VERIZON NEW JERSEY INC., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAT COMMUNICATIONS | ) | |
| INTERNATIONAL, INC. | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**MOTION OF VERIZON NEW JERSEY INC. TO CONVERT CASE
FROM CHAPTER 11 TO CHAPTER 7**

Verizon New Jersey Inc. ("Verizon") hereby moves the Court, pursuant to 11 U.S.C. § 1112(b), to convert this Chapter 11 case to one under Chapter 7 of the Bankruptcy Code, on the ground that the Debtor is no longer conducting any business or operating as a going concern, has no ability to sell any remaining assets on that basis, and cannot possibly confirm a plan or effectuate a successful reorganization under Chapter 11. In support of its Motion, Verizon shows the Court as follows:

1. Section 1112(b) of the Bankruptcy Code provides, in pertinent part, that:

on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested

{Y0132273.1 013681-072481}

conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1). Among the circumstances that constitute "cause" for conversion is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). *See also* 11 U.S.C. § 1112(b)(2)(A) (in order to deny motion for dismissal or conversion of Chapter 11 case, court must conclude – based on an affirmative showing by the debtor or another interested party -- that there is "reasonable likelihood that a plan will be confirmed" on a timely basis).

2.   In the present case, the Debtor ceased conducting any business or operating as a going concern even before it filed for bankruptcy protection, has no ability to sell any remaining assets it may have on a going-concern basis, and cannot possibly confirm a plan or effectuate a successful reorganization under Chapter 11 resulting in the Debtor's rehabilitation. In short, this is – and always has been – a case in which a piecemeal liquidation of the Debtor is the only viable course. The Schedules reflects assets consisting of certain accounts receivable and furniture, fixtures and equipment. Much of the equipment appears to be not unique or specific to the telecommunications industry. In fact, there are a number of line items listed that appear to be related to upkeep and improvements with regard to real property. Interestingly, however, the Debtor's Schedules indicate that it owns no real property. The Debtor cannot credibly argue, based on the assets at issue, that it is in a better position than a qualified Chapter 7 trustee to liquidate its equipment and other assets in an effective and efficient manner.

3.   Under all of these circumstances, "cause" for conversion of this case to one under Chapter 7 is plainly established under section 1112(b)(4)(A), and the Debtor cannot possibly

establish the "reasonable likelihood that a plan will be confirmed" on a timely basis that is required in order to a motion to convert to be denied under section 1112(b)(2)(A).

4.  Additional cause warranting conversion of this case exists as well. The Court is aware -- from prior pleadings filed in the case of the Debtor's closely-held affiliate, NationsLine New Jersey, Inc. ("NationsLine") (Case No. 08-71014)[1], and evidence presented at the hearing on the Debtor's Motion For Entry Of An Order Approving The Proposed Adequate Assurance Of Payment held in that case -- that certain, highly suspect inter-company transfers of assets occurred between the Debtor and NationsLine.[2] The best interests of the estate and its creditors will only be served if these matters are investigated by a duly-appointed, independent Chapter 7 trustee.

5.  This, therefore, is the paradigm of a case that should be converted under section 1112. The best interests of the estate and its creditors can only be properly served by the requested conversion and the appointment of a trustee in Chapter 7. Accordingly, and under the express dictates of section 1112(b) of the Code, the Court should convert this case to one under Chapter 7.

WHEREFORE, Verizon respectfully requests that its Motion be granted, and that this Chapter 11 case be immediately converted to one under Chapter 7 of the Bankruptcy Code.

---

[1]    The Debtor and NationsLine have identical ownership, as well as common officers and directors. Norman D. Mason is the President of both the Debtor and NationsLine.

[2]    Primarily for this reason, Verizon has objected to the retention of Magee, Foster, Goldstein & Sayers, P.C. (the "Magee Firm") as counsel for the Debtor in this case. The Magee Firm is counsel for NationsLine in its separate bankruptcy case pending before this Court. Verizon submits that, in light of the inherent conflict of interest created by the suspect inter-company transfers of assets that occurred between the Debtor and NationsLine, the Magee Firm cannot simultaneously serve as counsel to the Debtor here.

{Y0132273.1 013681-072481 }

3

Dated: July 31, 2008.

        Respectfully submitted,

        ARNALL GOLDEN GREGORY LLP

        */s/ Darryl S. Laddin*
        Darryl S. Laddin (GA Bar No. 460793)
        Frank N. White (GA Bar No. 753377)
        171 17th Street NW, Suite 2100
        Atlanta, Georgia 30363-1031
        (404) 873-8500 (phone)
        (404) 873-8121 (fax)
        darryl.laddin@agg.com

        and

        SANDS ANDERSON MARKS & MILLER, P.C.

        */s/ Peter M. Pearl*
        Peter M. Pearl (VSB No. 22344)
        30 Franklin Road, SW, Suite 202
        Roanoke, Virginia 24011
        (540) 777-1997 (phone)
        (540) 443-9802 (fax)
        ppearl@sandsanderson.com

        Attorneys for Verizon New Jersey Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing MOTION OF VERIZON NEW JERSEY INC. TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 by causing copies of same to be deposited in the United States Mail, first-class postage prepaid, addressed to:

A. Carter Magee, Jr., Esq.
W. Joel Charboneau, Esq.
Magee Foster Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404

Margaret K. Garber, Esq.
Office of the United States Trustee
210 First Street, S.W.
Suite 505
Roanoke, Virginia 24011

This 31st day of July, 2008.

/s/ *Peter M. Pearl*
SANDS ANDERSON MARKS & MILLER, P.C.
Peter M. Pearl (VSB No. 22344)
30 Franklin Road, SW, Suite 202
Roanoke, Virginia 24011
(540) 777-1997 (phone)
(540) 443-9802 (fax)

{Y0132273.1 013681-072481 }

5